UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER HAGGART,

            Plaintiff,

v.

CITY OF DETROIT and
THEOPOLIS WILLIAMS,

            Defendants.

_____/

Case No. 2:19-cv-13394

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR LEAVE TO
FILE FIRST AMENDED COMPLAINT [10] AND
<u>DENYING DEFENDANTS' MOTION FOR SANCTIONS [11]</u>**

Plaintiff originally filed a complaint in Wayne County Circuit Court in August 2019. ECF 1, PgID 2. Plaintiff had asserted claims under 42 U.S.C. §§ 1983, 1985, and malicious prosecution, *id.* at 10–12, and so Defendant City of Detroit ("Detroit") removed the case under 28 U.S.C. § 1331, *Id.* at 2. At the time, the case had four Defendants: Detroit, Theopolis Williams, Patrick McNulty, and Robert Shinske. Two Defendants—Detroit and Williams—answered the complaint. ECF 3.

This February, the Court issued a show cause order for why the claims against Defendants McNulty and Shinske should not be dismissed for failure to prosecute. ECF 4; *see* Fed. R. Civ. P. 4(m). At the time, the docket lacked evidence that either Defendant was served. ECF 4, PgID 30. Plaintiff failed to respond to the show cause order. ECF 5, PgID 32. The Court therefore dismissed the claims against Defendants McNulty and Shinske in April 2020 without prejudice. *Id*; *see* Fed. R. Civ. P. 4(m).

Several months later, Plaintiff filed a motion for leave to file his first amended complaint. ECF 10. Plaintiff proposed an amended complaint with almost exactly the same allegations as the current complaint. *Compare* ECF 1, PgID 4–12 *with* ECF 10-1, PgID 53–61. Plaintiff, however, added only one new allegation that stated "Shinske's conduct amounts to malicious prosecution under Michigan law." ECF 10-1, PgID 61. Defendants Detroit and Williams opposed Plaintiff's motion for an amended complaint and asked the Court to deny it or impose one thousand dollars in sanctions on Plaintiff. ECF 11, PgID 65. The Court reviewed the motions and determined that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). The Court will deny Plaintiff's motion for leave to file a first amended complaint and deny Defendants' motion to impose sanctions on Plaintiff.

## LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure governs amendments of pleadings. It provides that after a responsive pleading is filed, a party may only amend its pleading with the written consent of the opposing party or with leave of the court. Fed. R. Civ. P. 15(a)(2). The rule also provides that "[t]he court should freely give leave when justice so requires." *Id.*; *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

To determine whether to grant leave to amend a pleading, the Court relies on six factors: (1) "undue delay in filing," (2) "lack of notice to the opposing party," (3) "bad faith by the moving party," (4) "repeated failure to cure deficiencies by previous amendments," (5) "undue prejudice to the opposing party," and (6) "futility of [the] amendment[.]" *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001). Although "delay by itself is not sufficient reason to deny a motion to amend," *id.* at

458 (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)), futility of the amendment is enough, *Martin v. Assoc. Truck Lines*, 801 F.2d 246, 248 (6th Cir. 1986). A proposed amendment is futile if the pleading could not survive a motion to dismiss. *Id.*

## DISCUSSION

I.    <u>Plaintiff's Motion for Leave to File an Amended Complaint</u>

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in favor of the nonmoving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

In his proposed first amended complaint, Plaintiff asserted the same two claims (42 U.S.C. §§ 1983, 1985) and added new claim of malicious prosecution *under Michigan law*. ECF 10-1, PgID 53–61 (emphasis added). The Court will address the malicious prosecution claim first. A claim of malicious prosecution under Michigan law requires a showing of four elements: (1) a defendant began a criminal prosecution

against the plaintiff, (2) the criminal proceeding terminated in the plaintiff's favor, (3) the defendant lacked probable cause to begin or maintain the prosecution, and (4) the defendant acted with malice or with a purpose other than bringing the offender to justice. *Matthews v. Blue Cross and Blue Shield of Mich.*, 456 Mich. 365, 378 (1998). Yet Plaintiff's proposed first amended complaint lacks the most significant element: a criminal prosecution.

Under Michigan law, a plaintiff must establish "that the defendant has initiated a criminal prosecution against him." *Id.* The failure to do so makes a "state law claim of malicious prosecution [] completely without merit." *Dougherty v. Dep't of Nat. Res.*, No. 246756, 2004 WL 1636569, at *3 (Mich. Ct. App. July 22, 2004) (finding that malicious prosecution claims failed when no criminal charges were brought against a plaintiff despite law enforcement's investigation of the plaintiff as a possible suspect); *see also Laney v. Blue Cross Blue Shield of Mich.*, 2003 WL 1343284, at *3 (Mich. Ct. App. Mar. 11, 2003) (recognizing that a malicious prosecution claim failed because the "[d]efendants did not initiate or maintain any prosecution against plaintiff.").

But Plaintiff not only failed to allege the beginning of any criminal prosecution in the pleadings, he was clear that no criminal prosecution ever occurred. Plaintiff alleged, rather, that McNulty—at the order of Shinkse—merely investigated Plaintiff's actions related to an incident alleged to have occurred over October 13–14, 2017. ECF 10-1, PgID 56. Plaintiff also pleaded that the investigation "*did not result in any charges being brought against Plaintiff* by the City of Detroit." *Id.* at 60

(emphasis added). And Plaintiff pointed out that "[p]rosecutors for the City of Detroit *never* filed any charges against Plaintiff resulting from the October 13–14 incident involving the suspected arsonist." *Id.* at 57 (emphasis added)."

Although the Court must draw every reasonable inference from the allegations in the proposed first amended complaint in favor of Plaintiff, no pleadings suggest that any Defendant charged Plaintiff with a crime based on Shinske's alleged investigation. *See Twombly*, 550 U.S. at 556. To that end, Plaintiff's claim of malicious prosecution claim under Michigan law necessarily fails. *See Matthews*, 456 Mich. at 378; *Dougherty*, 2004 WL 1636569, at *3.

Because Plaintiff's proposed first amended complaint only amended his claim for malicious prosecution, ECF 10-1, PgID 61, and the claim would not survive a motion to dismiss, the Court need not examine the 42 U.S.C. §§ 1983, 1985 claims. *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (holding that a court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss). As a result, Plaintiff's motion to file a first amended complaint will be denied as futile. *See Martin*, 801 F.2d at 248–50.

II.   <u>Defendants' Motion for Sanctions</u>

Under Federal Rule of Civil Procedure 11(b), when an attorney signs a pleading, they are certifying to the Court that the pleading is "not being presented for any improper purpose, such as to . . . cause unnecessary delay[.]" Fed. R. Civ. P. 11(b)(1). When the Court determines that a party has violated Rule 11(b), it "*may*

impose an appropriate sanction" on the party. Fed. R. Civ. P. 11(c)(1) (emphasis added). But when a party moves for Rule 11 sanctions, the rule itself sets out three steps the party must follow.

First, "a motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Second, that motion "must describe the specific conduct that allegedly violates Rule 11(b)." *Id.* And third, the party must follow the so-called safe-harbor requirement. *Id.* The safe-harbor provision requires that a party must formally serve the sanctions motion on the opposing party and then wait twenty days to file the motion with the Court. *Id.* "Failure to comply with the safe-harbor provision precludes imposing sanctions on the party's motion." *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 766–67 (6th Cir. 2014) (citations omitted).

Put simply, Defendants did not follow the steps of Rule 11(c). They did not separate the motion for sanctions from another motion. ECF 11, PgID 65. And Defendants offered no evidence that they adhered to the safe-harbor provision. *Id.; see also* Fed. R. Civ. P. 11(c)(2). Because Defendants failed to follow the proper procedures, their motion to impose sanctions on Plaintiff is denied.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for leave to file his first amended complaint [10] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for sanctions [11] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 1, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 1, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

7